Judge Jones

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. VAN SCOY and ALBERT K. KWAN,<br><br>            Plaintiffs,<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>            Defendant. | CASE NO. C16-725RAJ<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>(Note on Motion Calendar for: October 7, 2016) |

Pursuant to Rule 56, Fed. R. Civ. P., defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), hereby moves this Court for summary judgment of dismissal on the ground that there are no genuine issues of material fact and ATF is entitled to judgment as a matter of law.

///
///
///
///
///
///
///
///

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 1
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1 | This motion is made and based on the accompanying memorandum of points and authorities, the pleadings, papers and exhibits filed herein, and such oral argument as the Court may entertain.

DATED this 15th day of September, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1671
Telephone:  206-553-7970
Fax:  206-553-4073
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 2
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

In this action brought pursuant to 18 U.S.C. §923(f)(3)[1], plaintiffs Mark E. Van Scoy and Albert K. Kwan challenge an ATF decision to deny their application for a federal license to engage in the sale of firearms. Although it is clear that plaintiffs wish to have this decision overturned, the legal theory underlying their challenge is not readily apparent.

Under 18 U.S.C. § 923(f)(3), the Court's *de novo* review is limited to the specific question of whether ATF's decision was authorized by law.[2] In other words, only the legality, not the "wisdom" of the decision, is subject to judicial review. As will be shown, in the present case, it is clear as a matter of law that ATF's decision was authorized by the Gun Control Act. Under the express terms of the Act, an applicant for a license who has "willfully violated" any of the provisions of the Act or its implementing regulations has no right to a license.

Here, one of the plaintiff co-applicants, Albert Kwan, has been found to have willfully violated the Act. Specifically, in a 2003 decision, ATF declined to renew federal firearms licenses held by plaintiff Albert K. Kwan concluding that he had willfully violated the Gun Control Act of 1968. This Court, in an action for judicial review brought by Mr. Kwan, specifically affirmed ATF's decision. On appeal by Mr. Kwan, the Court of Appeals affirmed the judgment of this Court.

---

1 18 U.S.C. §923(f)(3), part of the Gun Control Act of 1968, as amended, provides:

> If after a[n administrative] hearing held under [18 U.S.C. §923(f)(2)] the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [administrative] hearing held under [18 U.S.C. §923(f)(2)]. If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

2 On November 25, 2002, the President signed into law the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002). The Act divided the Bureau of Alcohol, Tobacco and Firearms into two separate agencies. With respect to the enforcement of the Federal firearms laws, title XI, subtitle B, section 1111 of the Act transfers the authority to enforce these laws to the Bureau of Alcohol, Tobacco, Firearms and Explosives, Department of Justice, effective January 24, 2003.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 3
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Because of this prior adjudication and, specifically, the conclusion that Mr. Kwan had willfully violated the Gun Control Act, plaintiff Kwan has no right to receive a federal firearms license under the Act. Thus, ATF acted well within its authority in denying a license for which Mr. Kwan was an applicant. The motion for summary judgment should be granted and the lawsuit should be dismissed with prejudice.

## STATEMENT OF FACTS

In 2005, in a prior action filed by plaintiff Kwan under 18 U.S.C. § 923(f), *Kwan v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, Case No. C03-2626FDB, 2005 WL 1994072 (W.D. Wash. Aug. 17, 2005), this Court adjudged that plaintiff Kwan was properly found by ATF to have willfully violated the Gun Control Act.[3] *Id.* at *3. The judgment of this Court was affirmed on appeal. *Kwan v. Bureau of Alcohol, Tobacco & Firearms*, 235 F. App'x 476 (9th Cir. 2007).

On April 14, 2015, plaintiff Kwan and his business partner, plaintiff Van Scoy, filed an application for a federal firearms license under the Gun Control Act of 1968 to engage in the sale of firearms under the business name "Historic Research." AR000009. The proposed business location listed on the application, 13040 NE 10th Street, Bellevue, WA, was also the residence of plaintiff Kwan. AR 000011, AR 000014.

On December 8, 2015, ATF notified the plaintiffs that their application had been denied. AR00001. As disclosed by the notice, ATF's decision to deny the application was based on plaintiff Kwan's prior willful violation of the Gun Control Act, as determined by the ATF in 2003 and adjudicated by this Court in *Kwan v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, Case No. C03-2626FDB, (W.D. Wash. 2005).

By way of a letter dated January 19, 2016, plaintiff Van Scoy requested a hearing to review the denial. AR000003.

---

[3] Pursuant to Fed. R. Evid. 201, the Court is requested to and may take judicial notice of its prior proceedings and judgment in *Albert K. Kwan v. Bureau of Alcohol, Tobacco, Firearms, And Explosives, United States Department of Justice*, Case No. C03-02626FDB (W.D. Wash. 2005). "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014) ("A district court may properly take judicial notice of items in the public record, such as judicial opinions."). Specifically, the Court is asked to take judicial notice of the Court's order on the Government's motion for summary judgment (Dkt. # 26), the judgment (Dkt. # 27), and the mandate of the Court of Appeals (Dkt. # 38). True and correct copies of these documents are attached to the Declaration of Brian C. Kipnis as, respectively, Exhibits A-C.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 4
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

On February 24, 2016, an administrative hearing was held at the Jackson Federal Building in Seattle. As disclosed by the transcript of the hearing, plaintiff Kwan did not make an appearance at the hearing, although he was present in the Federal Building at the time. AR000022-AR000024. Thus, plaintiff Van Scoy was the only participant at the hearing for the applicants. *Id*.

Plaintiff Van Scoy testified at the hearing that he was uncertain of the grounds that he and Mr. Kwan were determined by ATF to be ineligible for a license and about his misapprehension of what the Court of Appeals actually decided in plaintiff Kwan's previous lawsuit against ATF. After hearing ATF's lawyer present the agency's case, and upon being afforded an opportunity to respond, plaintiff Van Scoy said:

> My, my basic question is, I wasn't fully aware of the Ninth Circuit's ruling, I, what I was told was that the case was - he was cleared by the Ninth Circuit. So that's - but that clearly wasn't the case when you read the, read the thing. My question is for me, if I reapply for a license at a different location and under my own name, do I have to check the block now that I was denied a federal firearms license?

AR000032. The ATF advised plaintiff Van Scoy, that questions about a future application could not be appropriately addressed in an administrative hearing concerning a denial of an existing application. Thereupon, after plaintiff Van Scoy indicated he had no more questions and nothing more to add, the Hearing Officer concluded the hearing. AR000035-000036.

On March 22, 2016, ATF issued its Final Notice of Denial, signed by William J. Miller, Director, Industry Operations, denying plaintiffs' application based on Mr. Kwan's prior willful violation of the Gun Control Act, as adjudicated by this Court in 2005. AR000037- AR000039.

On May 20, 2016, plaintiffs filed their complaint herein. Dkt. # 1. The complaint does not allege that the ATF acted wrongfully in any respect. Nevertheless, it seeks "a de novo review by this Court." *Id*. at ¶ 9.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 5
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

**ARGUMENT**

I.  PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

Before bringing an action under 18 U.S.C. § 923(f)(3), a plaintiff must exhaust the administrative remedy provided to him by the statute, namely, the administrative hearing which ATF is mandated to afford an aggrieved party upon request pursuant to 18 U.S.C. § 923(f)(2).[4] *Mountaineer Gun Sales, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2012 WL 194079, at *2 (N.D. W.Va. 2012); and see *Sheppard v. Houchens*, 2016 WL 1430024, at *4 (D.N.H. Apr. 11, 2016).[5]  Only after ATF has issued a notice of decision following an administrative hearing authorized under 18 U.S.C. § 923(f)(2) may "the aggrieved party" file a petition in a United States District Court "for a de novo judicial review of such denial or revocation."  18 U.S.C. § 923(f)(3).[6]

While plaintiffs went through the motions of requesting an administrative hearing, and an ATF denial of their application followed the hearing, they made no effort at the hearing to advance any argument which placed into question the authority or legitimacy of the ATF decision to deny their application for a federal firearms license.  Consequently, they made no good faith effort to exhaust their administrative remedy before filing a lawsuit in this Court.

It has long been recognized that a requirement that one exhaust his or her administrative remedies incorporates the requirement that he or she do so in "good faith."  *National Conservative Political Action Comm. v. Fed. Election Comm'n*, 626 F.2d 953, 957 n. 8 (D.C. Cir. 1980).  ("As the word 'exhaustion' implies, the administrative remedy must be effectively pursued to finality before the courts will attempt a resolution of the dispute.")  This is so because "[t]he purpose of the exhaustion doctrine is to afford the administrative agencies an opportunity to perform functions that are within their special competence, including the correction of their own errors."  *Id*.

---

4  18 U.S.C.A. § 923(d)(2) provides:

> If the Attorney General denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation. In the case of a revocation of a license, the Attorney General shall upon the request of the holder of the license stay the effective date of the revocation. A hearing held under this paragraph shall be held at a location convenient to the aggrieved party.

5  There is a split between these two district courts as to whether the requirement is "jurisdictional" or not.  For purposes of this motion, however, the difference is immaterial.

6  This subsection is quoted in full at footnote 1, *infra*.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 6
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

The justification for such a rule is obvious. If putative plaintiffs are permitted to treat administrative hearings as a mere formality, *i.e.,* just "a box to be checked" on their way to a District Court, and no expectation is placed upon them to make a good faith effort to advance their claim or defense before the agency, then these hearings would soon cease to serve the purpose intended by Congress. Consequently, where, as here, a plaintiff fails to provide an agency with "any information, documentation, or even legal theories to support" its position, it has simply not satisfied the exhaustion requirement. *Id.*; and see *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993); *Farquhar v. Food & Drug Admin.*, 616 F. Supp. 190, 193 (D.D.C. 1985).

While plaintiff Van Scoy may have "checked the box" by requesting an administrative hearing of ATF, he made absolutely no effort at the hearing to advance any theory that ATF's denial of the application he submitted with Mr. Kwan was *somehow* wrongful. Indeed, Mr. Van Scoy admitted his request for a hearing was motivated in part by misinformation he received to the effect that plaintiff Kwan had been "cleared" by the Ninth Circuit. Thus, instead of introducing evidence or presenting legal arguments in an attempt to show error on the part of ATF, plaintiff Van Scoy spent the balance of his time at the hearing expressing his concern that the denial of the application presently before the hearing officer might affect his ability to acquire a federal firearms license via an application he might submit to ATF at some point in the future. For his part, plaintiff Kwan, although apparently present in the building, chose to sit the hearing out altogether. This complete lack of effort on the part of both applicants to demonstrate that the agency's decision was legally or factually incorrect in some material respect does not, under any definition, constitute a good faith exhaustion of administrative remedies.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 7
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

II.   THE ATF WAS FULLY AUTHORIZED TO DENY PLAINTIFFS' APPLICATION FOR A FEDERAL FIREARMS LICENSE BECAUSE OF PLAINTIFF KWAN'S PRIOR WILLFUL VIOLATION OF THE GUN CONTROL ACT

The purpose of judicial review under 18 U.S.C. § 923(f)(3) is only to determine whether ATF "was authorized . . . to revoke [or deny] the license." *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 464 (7th Cir. 1980); *Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 773 F. Supp. 148, 150 (E.D. Wis. 1991) ("[T]he court's review is limited to determining whether the decision made by the Secretary was authorized.").[7] Conversely, the purpose is not to determine whether the decision was a "wise" one, or one which the court would make on its own. See, *e.g.*, *Pinion Enterprises, Inc. v. Ashcroft*, 371 F.Supp.2d 1311, 1314-1315 (N.D. Ala. 2005) ("[T]he Court's role here is to decide whether the Attorney General's decision to revoke was within its legitimate authority, not whether it was the most prudent exercise of power.")[8]

Here, there can be little doubt that ATF's decision to deny plaintiffs' application for a federal firearms license was fully authorized by the Gun Control Act of 1968. The Gun Control Act confers a right to obtain a federal firearms license only upon those who, *inter alia,* have "not willfully violated any of the provisions of this chapter or regulations issued thereunder." 18 U.S.C. § 923(d)(1)(C); and see 27 C.F.R. § 478.47(b)(3). As noted above, plaintiff Kwan was determined by ATF in prior proceedings to have willfully violated the Gun Control Act, and that conclusion was affirmed by this Court, which entered a final, conclusive judgment against Mr. Kwan based on that conclusion. *Albert K. Kwan v. Bureau of Alcohol, Tobacco, Firearms, And Explosives, United States Department of Justice*, Case No. C03-02626FDB (W.D. Wash. 2005), aff'd., 235 F. App'x.

---

7 See also *Champion Arms, LLC v. Van Haelst*, 2012 WL 4511393, at *4 (W.D. Wash. Sept. 30, 2012), and *Barany v. Van Haelst*, 2010 WL 5071053, at *4 (E.D. Wash. Dec. 6, 2010), aff'd, 459 F. App'x 587 (9th Cir. 2011).

8 ATF's denial of plaintiffs' application is subject to *de novo* review. 18 U.S.C. § 923(f)(3). As differentiated from more common judicial review statutes, a District Court reviewing agency action pursuant to 18 U.S.C. § 923(f) "may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [administrative] hearing . . ." *Id*. However, as evidenced by the wording of 18 U.S.C. § 923(f)(3), whether and how the administrative record is to be supplemented is wholly within the discretion of the District Court. *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 466 (7th Cir. 1980); *Perri v. Department of the Treasury*, 637 F.2d 1332 (9th Cir. 1981) (accord). In *Cucchiara v. Secretary of the Treasury*, 652 F.2d 28, 30 (9th Cir. 1981), cert. denied, 455 U.S. 948 (1982), the Ninth Circuit, citing concerns of judicial economy and an aversion to repetitive hearings, concluded that supplementation of the administrative record is not necessary when "no substantial reason to receive additional evidence is present . . . [and] the 'material facts developed at the administrative hearing . . .' are not substantially drawn into question by the party petitioning for review." *Id*. at 30, n. 1. Such is the case here. The salient facts are known and they are not subject to reasonable dispute. Accordingly, there is no reason for this Court to receive additional evidence or to conduct additional hearings into the matter.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 8
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

476 (9th Cir. 2007). As requested above, the Court may take judicial notice of the fact that plaintiff Kwan has previously been adjudged to have willfully violated the Gun Control Act.[9] Given that indisputable fact, ATF was well within its authority in denying the application for a federal firearms license under consideration in the case at bar.

Because ATF has acted within its lawful authority in denying plaintiffs' application for a federal firearms license, ATF's motion for summary judgment should be granted and this action should be dismissed with prejudice. See *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (finding no error in denial of leave to amend where proposed amendments would have been futile).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that its motion for summary judgment be granted and plaintiffs' lawsuit be dismissed with prejudice.

DATED this 15th day of September, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney


*s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206-553-7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendant Bureau of Alcohol,
Tobacco, Firearms and Explosives

---

[9] It is unclear, given the opacity of the complaint, whether or not plaintiffs intend to mount a collateral attack on the prior judgment of this Court in *Albert K. Kwan v. Bureau of Alcohol, Tobacco, Firearms, And Explosives, United States Department of Justice*, Case No. C03-02626FDB (W.D. Wash. 2005), aff'd., 235 F. App'x 476, (9th Cir. 2007). Such an attack would be unavailing in any event. The doctrine of collateral estoppel, also known as issue preclusion, prevents a party from seeking to overturn factual findings and legal conclusions determined against them in a prior lawsuit where, as here, the parties are the same or are in privity, the issues were actually litigated, a final judgment was entered on the merits, and the parties in the prior lawsuit had a full and fair opportunity to litigate the issues. *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000). All four necessary elements are present here and they operate to preclude any attempted collateral attack on the prior judgment by plaintiffs Kwan and Van Scoy.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 9
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on September 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Eric R. Stahlfeld          stahlfelde@aol.com

Joseph R. Conte          dcgunlaw@gmail.com

I further certify that on this date, I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

- 0 -

DATED this 15th day of September, 2016.

                       *s/ Crissy Leininger*
                       CRISSY LEININGER
                       Paralegal Specialist
                       United States Attorney's Office
                       700 Stewart Street, Suite 5220
                       Seattle, Washington 98101-1271
                       Phone: 206-553-7970
                       E-mail: christine.leininger@usdoj.gov

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 10
(Case No. C16-725RAJ)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970